IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00059-GCM
(3:12-cr-00239-GCM-3)

| | |
|---|---|
| TRAVIS BUMPERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

I.     BACKGROUND

On July 26, 2012, Petitioner and several co-defendants were charged by bill of indictment with numerous counts related to a wide-ranging RICO conspiracy which involved acts of investment, securities, bank, mortgage, and wire fraud and money laundering in connection with fraudulent real estate transactions, and other financial dealings that resulted in the loss of more than $75 million to unwitting investors, financial institutions and lenders, all in violation of 18 U.S.C. § 1962(d). (3:12-cr-00239, Doc. No. 3: Bill of Indictment) (Count One).

On March 12, 2013, Petitioner entered into a plea agreement with the Government, agreeing to plead guilty to Count One of his indictment, and in exchange

1

for Petitioner's guilty plea, the Government agreed to dismiss the remaining five counts in his indictment. The plea agreement further provided that the parties agreed, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure, that the amount of loss that was known or reasonably foreseeable to Petitioner was more than $2,500,000 but less than $7,000,000. The agreement also included the following Guidelines calculation: a base offense level of 31; a seven-level enhancement because Petitioner was convicted of theft, embezzlement or fraud and his statutory maximum term was 20 years (USSG § 2B1.1(a)(1)); an eighteen-level enhancement based on the loss amount (USSG § 2B1.1); a two-level enhancement because more than 10 victims were involved in the fraudulent scheme (USSG § 2B1.1(2)(B)); a two-level enhancement because sophisticated means were employed in the scheme (USSG § 2B1.1(10)(C)); and a two-level enhancement because money laundering was involved in the scheme (USSG § 2S1.1(b)(2)(A). (Id., Doc. No. 149: Plea Agreement ¶ 7(b).

On March 14, 2013, Petitioner appeared before the magistrate judge for his Rule 11 colloquy and he was placed under oath. Petitioner first averred that he had reviewed the indictment with his counsel and the court then explained the elements of the RICO conspiracy charged in Count One along with the potential penalties he faced upon conviction. The Government interposed here and emphasized that the predicate crimes to which Petitioner was admitting his guilt in the RICO conspiracy were securities fraud; bank fraud; wire fraud; and money laundering.[1] (Id., Doc. No. 512: Rule 11 Tr. at 7).

---

[1] The indictment also alleged the RICO conspiracy involved possession with intent to distribute illegal drugs but Petitioner was not implicated in this conduct.

2

After the court finished explaining the elements of Count One, Petitioner again averred that he had discussed the RICO charge with his counsel and that he understood the charge to which he was pleading guilty. The Government then summarized the terms of the plea agreement. In particular, the Government noted that in the agreement Petitioner specifically admitted that he was guilty of securities fraud, bank fraud, wire fraud, and money laundering for his role in the RICO conspiracy. (Id. at 12). Petitioner confirmed that he was guilty of all of the conduct with which he was charged in the RICO conspiracy, and that he understood and agreed with each of the terms of his plea agreement. Petitioner averred that no one had promised him any particular sentence or coerced or threatened him into pleading guilty. Petitioner also he swore that he had enough time to discuss any possible defenses to the RICO charge with his attorney; that he was satisfied with the performance of his attorney; and that he wished to plead guilty. The court accepted Petitioner's guilty plea after concluding that it was knowing and voluntary. (Id., Doc. No. 150: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence investigation report (PSR), the probation officer tracked the enhancements that the parties agreed to in the plea agreement which resulted in a total offense level of 28 after a three-level reduction for acceptance of responsibility, and when coupled with a criminal history category I, Petitioner's Guidelines range was 78-97 months' imprisonment. The probation officer noted, however, that the plea agreement provided for a two-level enhancement because more than 10 victims were harmed in the RICO conspiracy, but the officer believed the evidence demonstrated that there were over 60 victims and that a four-level increase should apply pursuant to USSG

§ 2B1.1(b)(2)(B). (Id., Doc. No. 755: PSR ¶¶ 63-64). No objections were filed to the final PSR and Petitioner's case was set for sentencing.

On January 20, 2015, Petitioner appeared with counsel for his sentencing hearing. At the outset, the Court addressed Petitioner and he confirmed that he had appeared for his Rule 11 colloquy and truthfully answered the magistrate judge's questions while under oath. Petitioner also acknowledged that he answered the questions during the Rule 11 hearing, and admitted he was guilty of the conduct charged in Count One because he was in fact guilty. Petitioner stipulated that he had reviewed the PSR with his attorney, that he understood its contents and that the Court could rely on the offense conduct in the PSR to support a factual basis for Petitioner's guilty plea.[2] Based on the foregoing, the Court found that a factual basis existed and that Petitioner understood the consequences of his plea, that his plea was knowing and voluntary, and thereafter a verdict of guilty was entered in the record.

Next, the Court noted the Government had filed a motion for a downward departure from Petitioner's Guidelines range pursuant to USSG § 5K1.1, based on Petitioner's substantial assistance in the Government's investigation and prosecution of certain co-defendants. (Id., Doc. No. 817: Government's Motion). The Court found the § 5K1.1 motion was well grounded in fact, and the motion was granted thereby reducing Petitioner's Guidelines range to 57 to 71-months' imprisonment. Petitioner was sentenced to a term of 66-months in prison and he did not appeal.

---

[2] The Court found the offense conduct reliable, as the parties agreed it was, and herein incorporates such conduct from the PSR in its entirety. (PSR ¶¶ 5-21).

In this collateral proceeding, Petitioner raises claims of ineffective assistance of counsel, and a number of other claims that will be addressed herein.[3]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Ineffective assistance of counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A

---

[3] In the body of his § 2255 motion, Petitioner claims that his counsel was ineffective for failing to timely secure bail, failing to secure a speedy trial, and failing to present the PSR to him in a timely fashion. (3:16-cv-00059. Doc. No. 1: Motion to Vacate at 4). Petitioner provides no further argument regarding these claims; therefore the Court deems these claims abandoned.

petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    B.    Guilty plea

Petitioner first argues that he received ineffective assistance of counsel with regard to the "negotiation and acceptance of his plea as well as the application of the Sentencing Guidelines to his offense and the facts of his case." (3:16-cv-00059, Doc. No.

1: Motion to Vacate at 15-16). Consequently, as Petitioner suggests, he entered an unknowing plea to the RICO conspiracy.

The Supreme Court has expressly recognized that a defendant has the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). The "two-part Strickland v. Washington test applies to guilty pleas based on ineffective assistance of counsel." Lafler, supra (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)). In order to demonstrate a right to relief under Strickland in the context of plea negotiations, a petitioner still must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Lafler, supra, at 1384 (quoting Strickland, 466 U.S. at 694)).

Petitioner contends, quite blankly, that his counsel "did not understand the statutory framework of the" RICO conspiracy or appreciate "the defenses available for the predicate acts relied upon by the government in its prosecution" of Petitioner. Petitioner also asserts that counsel's failures resulted in a longer sentence and a higher restitution amount. (Motion to Vacate at 16). These arguments are plainly belied by the record.

Petitioner swore under oath during his Rule 11 hearing, and reaffirmed before this Court during his sentencing hearing, that he had discussed any possible defenses and that he had discussed the RICO charge with his attorney and that he understood the charge and the possible penalties, and Petitioner admitted under oath that he was in fact guilty of

the conduct charged in Count One with respect to securities fraud, wire fraud, bank fraud, and money laundering. In addition, as the probation officer noted in the final PSR, Petitioner's counsel was able to limit Petitioner's sentencing exposure to a two-level enhancement based on more than 10 victims, even though the probation officer was adamant that a four-level enhancement should apply because the evidence demonstrated there were more than 60 victims. And as this Court observed at sentencing, there were in fact over 70 victims that were harmed during the course of Petitioner's participation in the RICO conspiracy.

A petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Petitioner's late assertions are fatally at odds with the record in this matter and these claims of ineffective assistance of counsel will therefore be dismissed.

C. Actual innocence

Petitioner also contends that he is actually innocent of the predicate acts of bank fraud and wire fraud. (Motion to Vacate at 17). This argument depends on a finding that Petitioner did not knowingly enter his guilty plea to the RICO conspiracy and admit that

8

he was guilty of the predicate acts of bank fraud and wire fraud. This argument will be overruled because Petitioner admitted in his plea agreement that he was in fact guilty of the committing the predicate acts of bank fraud and wire fraud; Petitioner swore during his Rule 11 colloquy that he discussed the elements of the RICO conspiracy with his attorney and understood the charge. Petitioner also admitted that he understood and agreed with the terms of the plea agreement; he averred that he was in fact guilty of the predicate acts of bank fraud and wire fraud, and finally, Petitioner reaffirmed all of these sworn statements before this Court during sentencing.

Because Petitioner's late, self-serving allegations are merely conclusory and clearly contradict his sworn statements during his Rule 11 hearing and his assertions before this Court, these arguments will be overruled.

D. Statute of limitations

Next, Petitioner argues that he is not guilty of the securities fraud acts because any such actions were committed by him outside of the applicable statute of limitations, which is five years pursuant 18 U.S.C. § 3282(a). (Motion to Vacate at 18). This argument is without merit.

First, as noted time and again herein, Petitioner admitted under oath that he was in fact guilty of the RICO conspiracy and the concomitant, predicate act of securities fraud.

Second, Petitioner waived his right to raise a statute of limitation defense in his plea agreement where he averred that he could not bring a collateral challenge to his judgment for any reason except through claims of ineffective assistance of counsel or prosecutorial misconduct. Moreover, Petitioner averred that he understood and agreed

with each of the terms of the plea agreement and he swore that he had discussed any possible defenses with his attorney.

Third, the statute of limitation is a non-jurisdictional defense and can be knowingly waived, as here. See United States v. Matzkin, 14 F.3d 1014, 1017-18 (4th Cir. 1994) ("The statute of limitations set forth in 18 U.S.C. § 3282 is not jurisdictional. It is an affirmative defense that may be waived.") (quoting United States v. Williams, 684 F.2d 296, 299 (4th Cir. 1982, cert. denied, 459 U.S. 1110 (1983)). See also Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding voluntary guilty plea waives all non-jurisdictional errors).

Finally, Petitioner did not raise this claim on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted.

For the reasons given, this claim will be dismissed.

E.     Longer sentence

Here, Petitioner argues that he received a longer sentence due to ineffective assistance of counsel. (Motion to Vacate at 18).

Petitioner first argues that his counsel failed to challenge the loss amount which resulted in a longer sentence. (Id. at 19). This argument is without merit. Petitioner conceded in his plea agreement that the loss amount that the victims suffered, that was known to him or reasonably foreseeable to him, was in excess of $2,500,000 but less than $7,000,000. (3:12-cr-00239, Doc. No. 149: Plea Agreement ¶ 7(a). Further, Petitioner swore during his Rule 11 hearing that he understood and agreed with each of the terms of

10

the plea agreement. Because Petitioner's attack is simply a misguided effort to impugn the validity of his guilty plea, which this Court has found to be knowing and voluntary, this claim will be dismissed.

Petitioner also challenges the number of victims that were involved in the RICO conspiracy. (Motion to Vacate at 20). This argument, too, is without merit. First, the Court notes that his counsel was able to secure a Guidelines enhancement of only two levels based on more than 10 victims rather than the four-level enhancement that the probation officer believed should apply based on the existence of over 50 victims. See USSG § 2B1.1(b)(2)(B) (2013). Second, Petitioner stated under oath that more than 10 victims were harmed by his conduct.

F. Due process violations

Here, Petitioner rehashes his hollow claim that he was actually innocent of securities fraud. Petitioner contends that "he did accept a plea (because he had little other choice) that required him to acknowledge that he had committed securities fraud." (Motion to Vacate at 20). Again, this argument is belied by Petitioner's sworn statements during his Rule 11 hearing that no one had coerced him or threatened him into pleading guilty, and that he was in fact guilty of securities fraud.

Petitioner's renewed challenge to the predicate bank fraud conduct that was used to support the charge of RICO conspiracy is likewise meritless. (Id. at 21). Moreover, any perceived error, at least in this instance, is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015).

11

G. Restitution order

Through his final claim, Petitioner argues that the order of restitution violated the law. (Motion to Vacate at 21). An order of restitution is generally not reviewable on collateral review because even if it were assumed that the restitution amount was erroneous, it would amount to a simple "misapplication of the sentencing guidelines" that fails to rise to the level of a "miscarriage of justice" required for collateral review of non-constitutional error. See Foote, 784 F.3d at 940.

In any event, Petitioner waived his right to contest the amount of restitution in his plea agreement, preserving only his right to present claims of ineffective assistance of counsel or prosecutorial misconduct. Courts will generally enforce waivers so long as they are knowing and voluntary. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As the Court has repeatedly found herein, Petitioner's guilty plea was in fact knowing and voluntary; therefore it follows that his decision to waive his right to contest restitution was as well.

Finally, this Court found that the evidence in the PSR ably supported the amount of restitution. The Court "may accept any undisputed portion of the presentence report as a finding of fact." FED. R. CRIM. P. 32(i)(3)(A).

IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** Petitioner's Section 2255 motion is **DENIED and DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 2, 2016

Graham C. Mullen
United States District Judge